## BRILL v. READING CO.

(Circuit Court of Appeals, Third Circuit. December 7, 1926.)

No. 3483.

1. **Master and servant ☞286(32)—Evidence of railroad's negligence as to car inspector held insufficient for jury.**

Evidence that railroad's negligence in switching cars caused death of car inspector, found unconscious after switching operation, *held* insufficient to go to jury.

2. **Appeal and error ☞1062(1)—Error in submitting issue of defendant's negligence to jury held harmless, where jury found for defendant.**

Error in submitting to jury issue of defendant's negligence because of insufficiency of evidence *held* harmless, where jury found for defendant.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by Roy F. Brill, administrator of the estate of John F. Brill, deceased, against the Reading Company. Judgment for defendant, and plaintiff brings error. Affirmed.

A. D. Knittle, of Pottsville, Pa., R. J. Graeff, of Tamaqua, Pa., and G. H. Gerber, of Pottsville, Pa., for plaintiff in error.

Wm. Clarke Mason, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case the administrator of John F. Brill brought suit against the defendant railroad for damages resulting from its alleged negligence, whereby the decedent lost his life. Under the charge of the court the jury found the defendant railroad was not negligent, and on entry of judgment on such verdict the administrator took this writ of error.

[1] The facts of the case are undisputed, and show that decedent was a car inspector of the railroad in its switching or classification yard. Into this yard from time to time cars were delivered to defendant railroad by a connecting railroad, the Central Railroad of New Jersey, and Brill and Faust, a companion inspector, had been waiting for a draft of cars to be run into the yard by a crew of the latter railroad. Shortly before the accident they separated, Brill going toward track No. 1 and Faust to No. 4, so that each could give notice to the other when the cars came in. On track No. 1 stood some 20 cars, which had already been inspected, and there was no duty or reason which required Brill to cross or go upon such track, nor evidence that he did so. Shortly thereafter the Jersey Central crew backed its draft of cars in and violently struck the cars standing on track No. 1. Faust heard the impact, and on going toward track No. 1 to inspect the incoming draft he found Brill lying unconscious on the space between tracks No. 1 and No. 4, with his head toward the former. There was no testimony to show how or by what he was hurt.

When claim for compensation for his death was made of the defendant railroad under the Pennsylvania act, it showed that the decedent, when injured, was engaged in interstate commerce by virtue of his inspecting in the classification yard cars employed in interstate commerce, and therefore was not entitled to the benefits of the state law in question. The administrator then brought this suit against the defendant company, alleging that the defendant railroad, by reason of the fact that the "New Jersey Central engine and cars were operated on the defendant's tracks by and with the consent of the defendant," the defendant company was responsible for the alleged negligence of the Jersey Central crew. On these proofs the court eliminated all other issues, and submitted to the jury the question whether the defendant railroad was guilty of negligence. On this issue the jury found in favor of the defendant.

[2] Without discussing the several grounds on which the plaintiff seeks reversal, we confine ourselves to holding, first, that under the pleadings and proofs the only issue in the case was whether the defendant railroad was guilty of negligence; second, that there

was no proof of its negligence which warranted submission of that question to the jury; third, inasmuch as the jury found the defendant was not negligent, no harmful error was made by the court below, and its judgment is therefore affirmed, without prejudice to any right of action the plaintiff may have against the New Jersey Central Railroad.